UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| SCOTT QUINCY THRONEBERRY, | ) ) ) ) | Case No. 08-44723-705
Judge Kathy A. Surratt-States
Chapter 7 |
| Debtor. | ) ) | |
| MARK LEBEDUN, | ) ) ) | **Adversary No. 08-4163-659**
PUBLISHED |
| Plaintiff, | ) ) | |
| -v- | ) ) | |
| SCOTT QUINCY THRONEBERRY, | ) ) ) | |
| Defendant. | ) | |

# O R D E R

The matter before the Court is Debtor's Motion to Dismiss Complaint Objecting to Dischargeability of Certain Debt (hereinafter "Motion to Dismiss Complaint"), Suggestions in Support of Debtor's Motion to Dismiss Complaint Objecting to Discharge of Debtor, Response in Opposition to Debtor's Motion to Dismiss Complaint Objecting to Dischargeability of Certain Debt (hereinafter "Response"), Debtor's Motion to Dismiss First Amended Objection to Dischargeability of Certain Debt (hereinafter "Motion to Dismiss Amended Complaint") and Creditor's Response in Opposition to Debtor's Amended Motion to Dismiss First Amended Objection to Dischargeability of Certain Debt (hereinafter "Response to the Motion to Dismiss Amended Complaint"). The matter was taken as submitted by the Court. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT:**

On June 27, 2008, Scott Throneberry (hereinafter "Debtor") filed a Chapter 7 Bankruptcy petition. On August 27, 2008, Mark Lebedun (hereinafter "Plaintiff") filed Objection to Dischargeability of Certain Debt (hereinafter "Complaint") alleging Debtor owed Plaintiff $42,000.00

plus interest and attorney's fees.[1] Plaintiff claims the debt was incurred in connection with a loan made by Plaintiff to refinance Debtor's property located at 14443 Bantry Lane, Unit 33, Chesterfield, Missouri (hereinafter "Property").[2] Plaintiff alleges the Property was conveyed to Kimberly Cox by General Warranty Deed on February 28, 2007.[3]  On July 27, 2007, Plaintiff loaned Debtor $100,000.00[4] secured by a Deed of Trust on Debtor's Property (hereinafter "Loan"). Plaintiff alleges that three days prior to closing the Loan, Debtor recorded the prior conveyance to Kimberly Cox.[5] Due to the timing of the recording, Plaintiff's title search did not reveal the prior conveyance thus Plaintiff did not have the opportunity to discover the Property had been conveyed to another party before closing the Loan.[6] Plaintiff's title search on the Property was conducted by Exclusive Title Company, which is owned and controlled by Debtor.[7]  Plaintiff alleges that Debtor continued to represent that he owned the Property after January 1, 2008.[8] Plaintiff further alleges Debtor did not repay the Loan according to its terms and $42,000.00 is still outstanding.[9]

On October 20, 2008, Debtor filed Motion to Dismiss Complaint alleging that Plaintiff failed to state a cause of action or factual basis for relief.  Debtor asserts that Plaintiff did not set forth any facts evidencing fraud and thus did not plead his fraud claim with particularity as required by Rule 9(b) of the Federal Rule of Civil Procedure 9(b), as made applicable in Bankruptcy proceedings by Rule 7009 of the Federal Rules of Bankruptcy Procedure.  Further, Debtor states Plaintiff has failed to cite any statute under the Bankruptcy Code which renders Plaintiff's claim nondischargeable. Plaintiff contends the Complaint should be dismissed for the failure to state a claim.

In the Response, filed October 29, 2008, Plaintiff argues the Complaint pleads fraud with

---

[1] Complaint, ¶ 1.
[2] Complaint, ¶ 1.
[3] First Amended Complaint, ¶ 13.
[4] First Amended Complaint, ¶ 7.
[5] Complaint, ¶ 3
[6] Complaint, ¶ 3.
[7] Complaint, ¶ 3.
[8] Complaint, ¶ 4.
[9] First Amended Complaint, ¶ 2.

sufficient particularity to meet the pleading requirements of Rule 9(b). Additionally, Plaintiff states that the Complaint did, in fact, specify the nondischargeability action was brought pursuant to Section 523(a)(2) of the Bankruptcy Code. Plaintiff also requested the Court grant leave to amend the Complaint if the Court found the Complaint to be insufficient.

On December 31, 2008, Plaintiff filed First Amended Objection to Dischargeability of Certain Debt (hereinafter "Amended Complaint") before this Court had an opportunity to rule on both Debtor's Motion to Dismiss Complaint and Plaintiff's request for leave to amend the Complaint. The Amended Complaint includes a more specific Bankruptcy Code section under which relief is sought and provides more factual detail about the alleged misrepresentations and events giving rise to the alleged fraud.

On January 15, 2009, Debtor filed Motion to Dismiss Amended Complaint alleging the Amended Complaint is time barred under the doctrine of relation back. Debtor also alleged the Amended Complaint still failed to bring a valid claim under a specific section of the Bankruptcy Code and that it still lacked sufficient facts to establish a fraud claim. The Motion to Dismiss Amended Complaint further argued Plaintiff did not have the leave of the Court to file the Amended Complaint.

On January 20, 2009, Plaintiff filed Response to the Motion to Dismiss Amended Complaint which stated the Amended Complaint named Section 523(a)(2)(A) as the specific grounds for the request that the debt be deemed nondischargeable.

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C §§ 151, 157, and 1334 (2008) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) (2008). Venue is proper in this District under 28 U.S.C. § 1409(a) (2008).

## CONCLUSIONS OF LAW

The first issue before the Court is whether grounds exist to grant Debtor's Motion to Dismiss Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as made applicable in Bankruptcy Proceedings under Rule 7012 of the Federal Rules of Bankruptcy Procedure. "In order to state a claim for relief, a complaint must contain a 'short and plain statement' of the claim showing that the pleader is entitled to relief." FED. R. BANKR. P. 7008(a) (2008); FED R. CIV. P. 8(a)(2) (2008).

Additionally, to properly plead a fraud claim under Rule 9(b) of the Federal Rules of Civil Procedure, as made applicable in Bankruptcy Proceedings pursuant to Rule 7009 of the Federal Rules of Bankruptcy Procedure, a party "…must state with particularity the circumstances constituting fraud or mistake." FED. R. BANKR. P. 7009 (2008); FED R. CIV. P. 9(b) (2008). Such "circumstances" include the time, place and content of the representations which allegedly amounts to fraud. *Sec. and Exch. Comm'n v.Tiffany Indus., Inc.,* 535 F.Supp. 1160, 1166 (E.D. Mo. 1982). If the Complaint provides the adverse party enough information for that party to be apprised of the claim against him and names the specific actions upon which a plaintiff relies to prove up the fraud, the pleading is sufficient. *Id.* When ruling on the motion, the Court must accept all factual allegations as true and grant the motion only if the set of facts would not entitle a plaintiff to relief. *Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 590 (8th Cir. 2004).

Here, Plaintiff contended that in July of 2007, Debtor gave Plaintiff a First Deed of Trust on the Property in connection with a refinance of Debtor's Property. The Complaint did not specify whether the Deed of Trust was provided as a condition of the Loan transaction between Plaintiff and Debtor. Further, Plaintiff did not specifically allege Debtor claimed he owned the Property when in actuality he did not. Although Plaintiff mentioned Debtor owns the title company which recorded the transfer to Kimberly Cox, Plaintiff did not allege any fraud occurred in connection with that recording. Debtor also claimed the pleading was insufficient because Plaintiff did not name a Bankruptcy Code subsection under which relief was sought. Plaintiff failed to specify whether the

claim was brought pursuant to subsection (A), (B), or (C) of Section 523(a)(2). The facts alleged in the Complaint were too vague for this Court to reasonably infer which subsection of Section 523(a)(2) Plaintiff intended to use. Thus, Debtor is entitled to the relief requested in Debtor's Motion to Dismiss.

The second issue is whether Plaintiff's request for leave to amend the Complaint should be granted. Although Plaintiff requested leave to amend the Complaint in the Response, Plaintiff did not wait for the Court to grant or deny the request before filing the Amended Complaint. If no party is unfairly prejudiced by such action, the Court may treat the prematurely filed amended complaint as if it had been appropriately filed with the Court's permission, if the Court determines it would have granted leave to amend had it been properly sought. *Sklar v. Hayes*, 1 F.R.D 594, 596 (E.D. Pa. 1941).

Here, the fact that Plaintiff did not wait for leave to amend the Complaint does not preclude the Court from considering the Amended Complaint if the Court determines leave to amend would have been appropriate. Rule 15(a)(2) of the Federal Rules of Civil Procedure, as made applicable in Bankruptcy Proceedings under Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides that the Court may allow a party to amend a pleading and "…should freely give leave when justice so requires." FED. R. BANKR. P. 7015 (2008); FED R. CIV. P. 15(a)(2) (2008). Further, courts have held that Rule 15(a)(2) favors "…affording parties an opportunity to test their claims on the merits, particularly when a fraud claim has been dismissed for failure to comply with the pleading requirements of Rule 9(b)." *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009); *Accord Drobnak v. Andersen Corp.* 561 F.3d 778, (8th Cir. 2009). Although the facts alleged in the original Complaint fall short of the Rule 9(b) pleading requirements, Plaintiff may have a colorable claim if given the opportunity to provide more detail about the circumstances of the alleged fraud and specify a Bankruptcy Code subsection entitling him to relief. It is in the interest of justice to allow Plaintiff the opportunity to plead his claim with specificity so the Court can

determine if a legitimate fraud claim exists. In this case, the Court would have granted Plaintiff leave to amend his Complaint if given the opportunity to do so. Thus, it is appropriate for the Court to consider the prematurely filed Amended Complaint as though it were filed after the request for leave to amend was granted.

The final issue is whether the Amended Complaint should be dismissed due to the doctrine of relation back or, in the alternative, for the failure to state a claim. Debtor argues the Amended Complaint is time barred under the doctrine of relation back because the original Complaint did not cite a specific Bankruptcy Code subsection thus the inclusion of Section 523(a)(2)(A) in the Amended Complaint creates a new cause of action. This argument lacks merit. Plaintiff included Section 523(a)(2) in the Complaint and the Amended Complaint only further specifies the claim is brought pursuant to Section 523(a)(2)(A).

The doctrine of relation back pertains to amended pleadings which include new causes of action for which the statute of limitations has run. Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, as made applicable in Bankruptcy Proceedings under Rule 7015 of the Federal Rules of Bankruptcy Procedure, after the expiration of the statute of limitations, a claim may still be included in an amended pleading if it arises from the same conduct, transaction or occurrence as the original cause of action. Even if this Court found that the Amended Complaint brought forth a new cause of action, it would arise from the same conduct, transaction or occurrence as the original cause of action in the Complaint and would therefore be properly included in the Amended Complaint.

Also, Debtor claims Plaintiff's Amended Complaint hs not set forth facts in enough detail to sufficiently allege fraud. As previously stated, a plaintiff's complaint must provide the time, place and content of the alleged fraud. *Sec. and Exch. Comm'n*, 535 F. Supp at 1166. The Amended Complaint clearly alleges that, at the time of the Loan, Debtor made numerous misrepresentations including that he owned the Property, he had authority to execute a Deed of Trust and that Plaintiff

would have the first lien on the Property. Plaintiff claims to have relied on these false statements. Plaintiff has sufficiently pled fraud in the Amended Complaint. Therefore,

**IT IS ORDERED THAT** Debtor's Motion to Dismiss the Complaint is GRANTED; and

**IT IS FURTHER ORDERED THAT** Plaintiff's request for leave to amend the complaint is GRANTED and considered as if granted prior to Plaintiff's filing of the Amended Complaint; and

**IT IS FURTHER ORDERED THAT** Debtor's Motion to Dismiss Amended Complaint is DENIED.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: January 15, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Scott Quincy Throneberry
1354 Mallet Hill
Ballwin, MO 63021

Brittney Ann Russell
Gillespie, Hetlage & Coughlin, LLC
7701 Forsyth Boulevard, Suite 300
Clayton, MO 63105

Robert E. Eggmann
Lathrop & Gage
7701 Forsyth Boulevard, Suite 400
Clayton, MO 63105

Richard E. Coughlin
Gillespie, Hetlage & Coughlin, LLC
7905 Forsyth Blvd., Suite 300
Clayton, MO 63105